# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-379V

|  |  |
|---|---|
| PATRICIA WHITTEMIRE,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2026 |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jay Travis Williamson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On March 11, 2024, Patricia Whittemire filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus diphtheria and acellular pertussis vaccine administered on August 9, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 13, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On April 13, 2026, Respondent filed a proffer indicating Petitioner should be awarded $37,500.00 for pain and suffering and $873.40 to satisfy a State of Oklahoma Medicaid lien. Proffer on Award of Compensation ("Proffer") at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award the following compensation:**

A. **A lump sum of $37,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **A lump sum of $873.40, representing compensation for satisfaction of the State of Oklahoma Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> **Oklahoma Health Care Authority**
> **4345 N. Lincoln Blvd.**
> **Oklahoma City, OK 73105**

**Petitioner agrees to endorse this payment to Oklahoma for satisfaction of the Medicaid lien.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| PATRICIA WHITTEMIRE,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | No. 24-379V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

On May 5, 2025, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Accordingly, on May 13, 2025, the Chief Special Master issued a Ruling on Entitlement.

## I.     Compensation for Vaccine Injury-Related Items

### A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$37,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

### B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Oklahoma Medicaid lien in the amount of **$873.40**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oklahoma may have against any individual as a result of any Medicaid payments the State of Oklahoma has made to

or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about August 9, 2022, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of **$37,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B. A lump sum payment of **$873.40**, representing compensation for satisfaction of the State of Oklahoma Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

Oklahoma Health Care Authoirty
4345 N. Lincoln Blvd.
Oklahoma City, OK 73105

Petitioner agrees to endorse the check to Oklahoma for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ J. Travis Williamson
J. TRAVIS WILLIAMSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 598-1099
Email: jay.t.williamson@usdoj.gov

Date:  April 13, 2026

CERTIFICATE OF SERVICE

I certify that today, April 13, 2026, a copy of the foregoing pleading will be served by electronic mail to Paul Brazil at paul@mullerbrazil.com.


/s/ J. TRAVIS WILLIAMSON